IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-10055 |
| ) | |
| BRIAN D. BROADFIELD, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Davis's Motions for Compassionate Release (Docs. 260, 264), the Government's Response (Doc. 267), and Defendant's Supplemental Information (Doc. 271). For the reasons set forth below, Defendant's Motions are DENIED.

### BACKGROUND

Defendant pleaded guilty on October 28, 2014, to conspiracy to knowingly manufacture more than 50 grams of a mixture and substance containing methamphetamine. According to the Defendant's presentence report, he solicited other people to procure the precursor and manufacturing materials to manufacture methamphetamine. Doc. 189 at ¶¶ 14–28. Defendant had previous convictions for Unlawful Possession of Methamphetamine with Intent to Deliver from 2009 and Unlawful Possession of Methamphetamine Manufacturing Chemicals with the Intent to Manufacture Less than 15 Grams of a Substance Containing Methamphetamine. *Id*. at ¶ 59. Accordingly, he qualified as a career offender and had a total offense level of 34 and a criminal history category of VI. His guideline imprisonment range was 262 months to 327 months. Defendant had a mandatory minimum term imprisonment of 10 years and a maximum of life. *Id*. at ¶ 145.  On March 11, 2016, Defendant was sentenced to 208 months and eight years supervised

release. The sentence was later reduced to 156 months. Doc. 219. Defendant's projected release date is November 4, 2024.

On June 22, 2020, Defendant filed an Emergency Motion to Modify Sentence construed as a Motion for Compassionate Release. Doc. 255. On August 26, 2020, appointed counsel filed an Amended Motion for Compassionate Release on his behalf. Doc. 264. On August 31, 2020, the Government filed its Response in opposition to compassionate release. Doc. 267. This order follows.

### LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that Bureau of Prisons (BOP) file a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1).

If an inmate has a chronic medical condition identified by the Centers for Disease Control (CDC) as elevating the inmate's risk of becoming severely ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." A chronic condition reasonably

may be found to be "serious" and to "substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility." USSG § 1B1.13, cmt. n.1(A)(ii)(I).

"The mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *See, e.g., United States v. Melgarejo*, 2020 WL 2395982 at *5 (C.D. Ill. May 12, 2020). Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id.* at 5–6.

Finally, a court must deny a sentence reduction unless it determines that a defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

## DISCUSSION

### A. Eligibility for Compassionate Release

The parties appear to agree that Defendant has exhausted his BOP administrative remedies and the Government focuses its response on the merits on Defendant's claims. The Government argues that Defendant does not have any severe risk factors. Defendant is forty-four years old and the Government points to a March 12, 2020 Health Services Report that reflect that Defendant suffered from vitamin D deficiency, gastro-esophageal reflux disease, and hypothyroidism, none of which are on the CDC risk factors lists. Doc. 269-2. The Government noted there was one medical record dated April 17, 2020 in which Defendant complained that he was wheezing and that it was "asthma acting up." Doc. 269-3. However, the assessment stated that "inmate report he is wheezing with current allergies flaring up" and he "was advised to obtain allergy medication from commissary." Doc. 269-3. Regarding Defendant's prior use of an inhaler, the June 18, 2020

report explained that he was on Albuterol for control of his cough but the Government asserts that there is no evidence of asthma outside of Defendant's self-report from April 2020. Accordingly, the Government argues that Defendant is not subject to an increased risk from coronavirus because unlike Defendant's assertion, he does not have asthma or any other risk factors. The Court agrees that Defendant has not provided sufficient evidence that he is at increased risk for a severe infection or that there are other extraordinary and compelling reasons to release Defendant.

Moreover, according to his PATTERN score, Defendant has a high risk of recidivism. Doc. 267-5. While in custody defendant has had three disciplinary incident reports, including being absent from an assignment, being in an unauthorized area with a member of the opposite sex and in possession of a non-hazardous tool. He lost twenty-seven days of good time. Then, as recently as April 2020, he threatened to have a lien placed against a correctional officer's private property and threatened to hire a private investigator to follow a correctional officer and lost another 27 days of good time behavior.

Defendant is also a career offender with convictions for both weapons and drug offenses. He also enticed nearly several individuals to become involved in his manufacturing scheme and received a six-level enhancement for manufacturing methamphetamine where children were present. *See* Doc. 189. Accordingly, the Court is unable to determine that Defendant is not a danger to his community as is required under the Compassionate Release statute.

## Conclusion

For the reasons set forth above, it is ORDERED as follows:

1. Defendant's Motions [255] and [264] are DENIED.

2. Defendant had another pro-se filing that addressed COVID-19 release. Doc. 253. The Court reviewed and considered this filing in deciding this motion and Defendant's Amendment to Motion [253] is DENIED.

3. Defendant's Motion to Amend [260] and Defendant's Motion to Supplement [271] are GRANTED because the Court considered these filings in deciding this motion.

Entered this 24th day of September, 2020.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
